HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER COWAN,

    Plaintiff,

v.

DR. BARNETT, *et al.*,

    Defendants.

Case No. 2:17-cv-01769-RAJ-MAT

**ORDER DENYING DEFENDANTS' OBJECTION TO THE ORDER DIRECTING PLAINTIFF TO REQUEST OR DECLINE PRO BONO COUNSEL**

## I. INTRODUCTION

This matter comes before the Court on Defendants' Objection to the Order Directing Plaintiff to Request or Decline *Pro Bono* Counsel. Dkt. #19. For the reasons below, Defendants' Objection is **DENIED**.

## II. BACKGROUND

Plaintiff Christopher Cowan is a state prisoner who is currently proceeding *pro se* and *in forma pauperis* in this action brought under 42 U.S.C. § 1983. On January 4, 2018, after screening Plaintiff's Complaint in accordance with 28 U.S.C. § 1915A(a), Magistrate Judge Theiler ordered the Complaint served on Defendants. *See* Dkt. ## 6, 7. On March 2, 2018, Defendants filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. # 15. On May 3, 2018, Magistrate Judge Theiler issued an order explaining that the deadline for Plaintiff to file a response to Defendants' motion had passed but, given the nature of the medical issue raised in his Complaint, it was appropriate

ORDER – 1

to invite Plaintiff to file a motion to request or decline *pro bono* counsel before ruling on the motion to dismiss. Dkt. # 17. On May 8, 2018, Plaintiff filed a motion to appoint *pro bono* counsel. Dkt. # 18. On May 10, 2018, before the Magistrate issued an order on the motion to appoint *pro bono* counsel, Defendants filed its Objection to the Magistrate's initial order. Dkt. # 19. Defendants' Objection was modified to a motion to be ruled on under Rule 72(a). The Court struck Defendants' motion to dismiss and Plaintiff's motion to appoint *pro bono* counsel pending a ruling Defendants' Objection. Dkt. # 21.

## III. LEGAL STANDARD

Under Rule 72(a), when a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. Fed. R. Civ. P. 72(a). A party may serve and file objections to the order within 14 days after being served with a copy. *Id.* The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. *Id.*

## IV. DISCUSSION

Defendants' sole objection to Magistrate Judge Theiler's order is that Plaintiff's situation is unremarkable and thus does not warrant the appointment of *pro bono* counsel. In objecting, Defendants first argue that Plaintiff has not shown likelihood of success on the merits or that he would unable to articulate his claims without counsel. Dkt. # 19 at 3. Defendants also make the point that virtually all *pro se* litigants are laymen with limited access to legal research materials and Plaintiff is no different. *Id.* at 3. Finally, Defendants speculate that Plaintiff did not respond to the motion to dismiss because there has been a change in the Department of Corrections' hernia treatment policy and not because he was unable to litigate this case. *Id.*

Issues related to appointment of counsel are deemed non-dispositive, and thus a magistrate judge's determination of such matters is entitled to deference unless it is clearly

ORDER – 2

erroneous or contrary to law. 28 U. S. C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Generally, a person has no right to counsel in civil actions. *See Palmer v. Valdez*, 560 F.3d 965, 969 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Palmer*, 560 F.3d at 969; *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Defendants' contentions all relate to whether granting Plaintiff *pro bono* counsel is appropriate, not whether a magistrate judge has the authority to invite plaintiff to request *pro bono* counsel. Magistrate Judge Theiler's determination to allow Plaintiff to request counsel appears predicated on the medical issues raised in his Complaint. *See* Dkt. # 17 at 1 ("Plaintiff has not filed a response to defendants' motion to dismiss but, given the nature of the medical issue raised in plaintiff's complaint, the Court is reluctant to construe plaintiff's lack of response as a concession that dismissal is appropriate."). Plaintiff states in his Complaint: "I have been going to medical for the last 2 years trying to get help dealing with a painful abdominal hernia. . . . I have been in pain and complaining of having sharp pains while sleeping, using the bathroom, sitting for long periods of time, sleeping on my stomach, and pain from coughing and sneezing." Dkt. # 5 at 3. Defendants provide the Court with no authority suggesting the Magistrate Judge could not have issued an order inviting a plaintiff to request *pro bono* counsel—the merits of such a motion are a separate issue. Accordingly, the Court finds Defendants' contentions regarding the merits of Plaintiff's motion inapposite to the Magistrate's Order itself. Finding no clear error with the Magistrate's Order, Defendants' Objection is **DENIED**.

ORDER – 3

Plaintiff may again file a motion to appoint *pro bono* counsel and Defendants may file a response to that motion should they so chose.  If a motion is filed, the Magistrate Judge is directed to consider the parties' positions and issue an order on whether to appoint Plaintiff counsel.

## V.  CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' Objection to the Order Directing Plaintiff to Request or Decline *Pro Bono* Counsel.  Dkt. #19.

DATED this 30th day of January, 2019.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4