UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER COWAN, | |
| Plaintiff, | Case No. C17-1769-RAJ-MAT |
| v. | |
| DR. BARNETT, *et al*., | REPORT AND RECOMMENDATION |
| Defendants. | |

Plaintiff Christopher Cowan is a state prisoner who is confined at the Monroe Correctional Complex ("MCC") in Monroe, Washington. He filed this civil rights action in November 2017, alleging that he had been denied proper care for a painful abdominal hernia, including hernia repair surgery. (Dkt. 5 at 3.) Plaintiff identified as defendants in his complaint MCC Medical Director Dr. Barnett, MCC Health Services Managers Ms. Jackson and Mr. Heinsohn, MCC Associate Superintendent Lisa Anderson, and the Washington Department of Corrections Care Review Committee. (*Id*. at 1-3.) He requested relief in the form of an order directing defendants to provide him hernia repair surgery, and monetary damages. (*Id*. at 4.)

Plaintiff's complaint was served on defendants and, on March 2, 2018, defendants filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See*

REPORT AND RECOMMENDATION
PAGE - 1

Dkts. 6, 7, 15.)  Plaintiff did not file a response to defendants' motion.  However, rather than construe plaintiff's lack of response as a concession that dismissal was appropriate, the Court instead delayed consideration of defendants' motion and invited plaintiff to file a motion for appointment of *pro bono* counsel.  (*See* Dkt. 17.)  Plaintiff filed a motion for appointment of counsel on May 8, 2018.  (Dkt. 18.)

On May 10, 2018, before this Court had an opportunity to rule on plaintiff's request for counsel, defendants filed an objection under Rule 72(a) of the Federal Rules of Civil Procedure to the Court's order inviting plaintiff to seek appointment of counsel.  (Dkt. 19.)  On January 30, 2019, United States District Judge Richard Jones issued an Order denying defendants' objection.  (Dkt. 22.)  In that Order, plaintiff was advised that he may again file a motion for appointment of *pro bono* counsel and this Court was directed to rule on any such motion.  (*Id*. at 4.)  Plaintiff, however, never filed a new motion for appointment of counsel.

Given plaintiff's silence on the issue of counsel, in combination with representations made by defendants in their objection suggesting that plaintiff may have received the surgery he requested in his complaint, this Court suspected plaintiff may have abandoned this action.  Thus, on April 18, 2019, this Court issued an Order directing plaintiff to file a status report, not later than May 20, 2019, advising the Court whether he had received the requested surgery and whether he wished to pursue this action further.  The Court explained therein that if plaintiff indicated to the Court that he did not wish to pursue his claims further, or if he failed to respond to the Order, the Court would recommend that this action be dismissed.  To date, plaintiff has not responded in any fashion to this Court's Order thus demonstrating that he has abandoned this action.  Accordingly, this Court recommends that plaintiff's complaint, and this action, be dismissed with prejudice for failure to prosecute.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 12, 2019**.

DATED this 13th day of June, 2019.

Mary Alice Theiler
United States Magistrate Judge